## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **HERMAN SINGLETON** | ) **CASE NO:  3:16-cv-499** |
| 3136 Maher St. Apt. B | ) |
| Toledo, OH  43611 | ) **JUDGE** _____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNIFIN INC.** | ) |
| c/o Incorp Services, Inc. | ) |
| 9435 Waterstone Blvd. Ste. 140 | ) |
| Cincinnati, OH 45249, | ) **JURY TRIAL DEMANDED** |
| | ) |
| and | ) |
| | ) |
| **IVICA SARIC** | ) |
| 3541 Chase Avenue | ) |
| Lincolnwood, IL  60712, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff **HERMAN SINGLETON** by and through the undersigned counsel, and for his complaint against Defendants **UNIFIN INC.,** and **IVICA SARIC**, alleges and states as follows:

### INTRODUCTION

1.      This is an action for statutory and actual damages brought by Plaintiff Herman Singleton, an individual consumer, against named Defendants, to redress a persistent pattern of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (the

"FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and allows consumers a private right of action.

2. This action is also brought for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (the "TCPA"), which prohibits calls using automatic telephone dialing systems or artificial or prerecorded voices to cellular telephones without the express permission of the recipient, and which creates a private right of action to redress violations thereof.  Congress has found that such unwanted automated calls are a "nuisance and an invasion of privacy, regardless of the type of call."  *Id.*

3. This is also for corollary violation of state law, including Ohio's Consumer Sales Practices Act, R.C. §1345 *et seq.* ("CSPA").

## VENUE AND JURISDICTION

4. The action arises under 15 U.S.C. §1692 and 47 U.S.C. §227, federal statutes, and thus this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1337 and 28 U.S.C. §1331.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that Defendant transacts business in this District and the cause of action asserted herein arose in this District.

## PARTIES

6. Mr. Singleton is, and was at all relevant times herein, a resident of Toledo, Ohio.

7. Mr. Singleton is a consumer as that term is defined in 15 U.S.C. §1692a(3).

8. Mr. Singleton is a consumer as that term is defined in R.C. §1345.01(D).

9. On information and belief, Unifin Inc., is an Illinois corporate entity, registered to do business in Ohio, and engaged in debt collection activities in Ohio among other states.

2

10.     Unifin Inc. attempts to collect debts or otherwise obtain funds from Ohio consumers.

11.     Unifin Inc. is a debt collector as that term is defined in 15 U.S.C. §1692a(6).

12.     Unifin Inc. is a supplier as that term is defined in R.C. §1345.01(C).

13.     On information and belief, Ivica Saric, is a resident of Illinois.

14.     On information and belief, Mr. Saric is the president, owner, manager, and operator of Unifin Inc.

15.     Mr. Saric is a debt collector as that term is defined in 15 U.S.C. §1692a(6).

16.     Mr. Saric is a supplier as that term is defined in R.C. §1345.01(C).

17.     On information and belief, Mr. Saric exercises complete control over Unifin Inc. so that it has no separate mind; that control is exercised to commit fraud or illegal acts against Plaintiff and consumers like him; and that control resulted in injury, such that Mr. Saric one may be held liable for the acts of Unifin Inc.

### FACTS

18.     On information and belief, Defendants regularly attempt to collect consumer debts in Ohio.

19.     Defendants do so by using the mail and telephone.

20.     Defendants initiate telephone calls to consumers by an automatic telephone dialing system and/or by employing the use of an electronic or prerecorded voice.

21.     In their collection efforts, Defendants, by custom and practice, use threats and misrepresentations to obtain money from consumers.

22.     These threats include threats of nonexistent pending litigation.

23.     Moreover, Defendants unlawfully misrepresent themselves to be investigators, auditors, legal processors, government officials, and other entities which they are not.

24.     By doing so, Defendants knowingly violate the CSPA, FDCPA and the TCPA.

25. On information and belief, using these unlawful tactics, Defendants unlawfully obtain funds in consumer payments, engender fear, and cause emotional damage to consumers.

26. In connection with the facts, events, and averments herein, Defendants acted (and continue to act) willfully and maliciously, with spite and ill will, and/or with reckless disregard for the rights of consumers in Ohio in general, and Mr. Singleton in particular.

27. Within the past year, Mr. Singleton received calls on his cell telephone from Defendants and/or their agents, demanding money in connection with an alleged debt.

28. The calls were generated by an auto-dialer as evidenced by the fact that it employed an electronic or prerecorded voice.

29. That debt was allegedly owed by an individual named "Garlan."

30. Mr. Singleton informed Defendants that they had the wrong number and that he is not Garlan.

31. Mr. Singleton further requested the calls to cease.

32. Mr. Singleton certainly never authorized Defendants to call him on his cell phone.

33. Nonetheless, Defendants continued to call Mr. Singleton.

34. Mr. Singleton requested that Defendants stop calling him at least 7-8 times.

35. Despite these multiple requests, Defendants continued to call Mr. Singleton over 30 times.

36. If Mr. Saric did not personally make the calls described herein, he knew of, approved of, supervised, and authorized, the calls, the aggressive collection techniques, and the failure to adhere to Mr. Singleton's requests to stop calling.

37. Mr. Singleton contacted Mr. Saric through counsel.

38.     During those calls, Mr. Saric misrepresented information to Mr. Singleton, including the nature of Unifin Inc.'s phone system, the content of statements made during conversations with Mr. Singleton, and the identity of phone numbers used to call Mr. Singleton.

## FIRST CLAIM FOR RELIEF
(FDCPA Violations)

39.     Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

40.     Defendants (individually and/or collectively) violated §1692b(1) by contacting third parties for an unlawful purpose as detailed above.

41.     Defendants (individually and/or collectively) violated §1692c(b) by contacting third parties about an alleged debt.

42.     Defendants (individually and/or collectively) violated 15 U.S.C. §1692d generally by engaging in the conduct described herein and other conduct to be proven at trial, which had the natural consequence to "harass, oppress, or abuse" Mr. Singleton in connection with the collection of an alleged debt.

43.     Defendants (individually and/or collectively) violated 15 U.S.C. §1692d(5) by causing Mr. Singleton's telephone to ring repeatedly and engaging him in conversation repeatedly for the purpose of annoyance, harassment, and abuse.

44.     Defendants (individually and/or collectively) violated 15 U.S.C. §1692d(6) by placing telephone calls to Mr. Singleton without meaningful disclosure of the caller's identity.

45.     Defendants (individually and/or collectively) violated 15 U.S.C. §1692e generally by engaging in the conduct described herein and other conduct to be proven at trial, which was false, deceptive and/or misleading.

5

46.     Defendants (individually and/or collectively) violated 15 U.S.C. §1692e(10) by using deceptive means to collect a debt as described herein.

47.     Defendants (individually and/or collectively) violated 15 U.S.C. §1692f generally by engaging in the conduct described herein and other conduct to be proven at trial, which is unfair and unconscionable.

48.     Defendants (individually and/or collectively) violated 15 U.S.C. §1692f(5) by calling Mr. Singleton's cell phone.

49.     Defendants (individually and/or collectively) violated the FDCPA in other ways as described herein and to be proven at trial.

50.     Under the FDCPA, Mr. Singleton is entitled to recover statutory damages, actual damages, attorney fees, and costs for the violations described herein.

## SECOND CLAIM FOR RELIEF
### (CSPA Violations)

51.     Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

52.     As described herein and to be proven at trial, Defendants (individually and/or collectively) engaged in unfair and deceptive acts in violation of R.C. §1345.02 *et seq*.

53.     As described herein and to be proven at trial, Defendants (individually and/or collectively) engaged in unfair and unconscionable acts in violation of R.C. §1345.03 *et seq*.

54.     Specifically, as described above, Defendants (individually and/or collectively) engaged in conduct which violates the FDCPA.

55.     By violating the FDCPA, Defendants (individually and/or collectively) have violated the CSPA.

56.    Each of Defendants' (individually and/or collectively) violations of the FDCPA is a separate violation of the CSPA.

57.    The Public Inspection File of the Ohio Attorney General contains cases declaring the acts and practices described herein to be illegal.

58.    Under the CSPA, Defendants are liable to Herman Singleton for treble actual damages or $200 per violation, up to $5,000 for emotional and other noneconomic damages, plus costs and attorney fees.

## THIRD CLAIM FOR RELIEF
(TCPA Violations)

59.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

60.    As described above, Defendants knowingly made calls to Plaintiff's cellular telephone via an automatic telephone dialing system and/or using an artificial or prerecorded voice without his express permission.

61.    In fact, Defendants made these calls despite multiple and explicit requests that they cease.

62.    Thus, under the TCPA, Defendants are liable to the Plaintiff for a minimum of $500 per phone call and up to $1,500 per call since the calls were made knowingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A.    That this Court awards to Mr. Singleton the greater of treble his actual damages or $200 for each of their violations of the CSPA.

B.    That this Court awards to Mr. Singleton $5,000 for his noneconomic damages as provided under the CSPA.

C.    That this Court awards to Mr. Singleton statutory damages of $1,000 from Defendants

for their various violations of the FDCPA.

D.  That this Court awards to Mr. Singleton $1,500 for each call made to his cell phone in

violation of the TCPA.

E.  That this Court enjoins Defendants from engaging in business in, and calling consumers

in, the State of Ohio and operating any business in the future that does so.

F.  That this Court awards attorney's fees, costs, and interest to Mr. Singleton pursuant to

the FDCPA, CSPA, and other applicable law.

G.  That this Honorable Court awards to Mr. Singleton such other and further relief as may

be just and equitable.

Respectfully submitted,

/s/ Michael L. Fine_____
Michael L. Fine (0077131)
3684 Silsby Road
University Heights, OH  44118
Telephone:  (216) 320-9950
Fax:  (216)320-9953
mfine@ohioconsumerlawyer.com

**JURY DEMAND**

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

/s/ Michael L. Fine_____